UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| BETHEL KELLER-BRITTLE, )<br>on behalf of herself and all others )<br>similarly situated, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>COLLECTO, INC. d/b/a EOS, )<br>Defendant. )<br> ) | Civil Action No. 18-11836<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Bethel Keller-Brittle ("Ms. Keller-Brittle") brings this Collective Action Complaint against Defendant Collecto, Inc. ("EOS"). This is a "collective action" for violations of the Fair Labor Standards Act ("FLSA").

### PARTIES

1. Ms. Keller-Brittle is an individual who resides in Boston, Massachusetts.

2. Defendant EOS is a Massachusetts company with its principal place of business in Norwell, Massachusetts.

### JURISDICTION

3. This Court has personal jurisdiction over EOS because it is a Massachusetts company and its principal place of business is in Massachusetts.

4. This Court has subject matter jurisdiction over Ms. Keller-Brittle's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### OVERTIME LAW

5. The FLSA provides, among other things, that employers must pay their employees time and half rate for all time worked in excess of 40 hours per week: "[N]o

1

employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed." 29 U.S.C § 207(a)(1).

6. Commissions must be included in calculating the regular hourly rate from which the time and a half overtime pay is based: "Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or some other basis, and regardless of the method, frequency, or regularity of computing, allocating or paying the commission." 29 CFR 778.117. For example, if "an employee receives, in addition to the earnings computed at the $12 hourly rate, a production bonus of $46 for the week, the regular hourly rate of pay is $13 an hour (46 hours at $12 yields $552; the addition of the $46 bonus makes a total of $598; this total divided by 46 hours yields a regular rate of $13). The employee is then entitled to be paid a total wage of $637 for 46 hours (46 hours at $13, plus 6 hours at $6.50, or 40 hours at $13 plus 6 hours at $19.50)." 29 CFR 778.110.

## FACTUAL ALLEGATIONS

7. EOS describes itself as "a professional debt collection company" and a "premier agency for all stages of receivables managements."

8. EOS is engaged in interstate commerce. EOS's headquarters is in Massachusetts, and it has additional operations in at least Illinois, Kentucky, Texas and

California.

9. EOS employs individuals engaged in the collection of debt whose employment compensation includes commissions based on such collection efforts ("collectors").

10. EOS pays its collectors an hourly wage.

11. EOS does not properly calculate the overtime it pays its collectors. EOS does not properly calculate the regular rate for purposes of overtime insomuch as EOS does not take into account commissions for purposes of calculating the regular rate

12. Ms. Keller-Brittle, as well as other members of the class, as defined below, regularly worked more than 40 hours per week, for which she was not paid the proper rate of overtime.

13. EOS has a company-wide commission policy for its collectors, whereby the collectors receive a defined commission based on the amounts of money they are able to collect. Such commissions are non-discretionary and are designed to encourage collectors to work more steadily, rapidly and efficiently.

14. Collectors often work more than forty hours per week, which hours and overtime pay are reflected in their earnings statements. Collectors' commissions are similarly reflected in the collectors' earnings statements. EOS, however, does not include the commissions in calculating the regular rate, on which the overtime rate, and therefore the overtime pay, should have been calculated.

**COLLECTIVE ACTION ALLEGATIONS**

15. Ms. Keller-Brittle brings this complaint individually and as a nationwide action on behalf of an opt-in class comprised of all former and current non-exempt

collectors who have worked for EOS within the last three years, who have received commissions and worked overtime, but whose commissions were not used in calculating their regular rate of pay for purposes of such overtime (the "Class").

16. Ms. Keller-Brittle is a member of the Class.

17. Upon information and belief, the Class consists of several hundred individuals.

18. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) under the FLSA for unpaid compensation, liquidated damages, attorneys' fees, and costs.

19. In addition to Ms. Keller-Brittle, numerous EOS employees are similarly situated with regard to their claims for unpaid wages and damages. Ms. Keller-Brittle is representative of those other employees and is acting on behalf of the interests of the Class as well as her own in bringing this action.

20. Members of the Class are known to EOS, are readily identifiable, and can be located through EOS's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees, and costs under the FLSA. Additionally, all information required for identifying the Class and calculating damages are reflected in EOS's payroll records.

### COUNT I
### Fair Labor Standards Act

21. Ms. Keller-Brittle incorporates all other allegations in the complaint.

22. The wage provisions in the FLSA apply to Ms. Keller-Brittle and protect the Class.

23. EOS failed to pay Ms. Keller-Brittle overtime wages to which she was entitled under the FLSA.

24. EOS's violations of the FLSA have been willful and intentional.

25. EOS did not make a good faith effort to comply with the FLSA with respect to its compensation of Ms. Keller-Brittle and the members of the Class.

26. Because EOS's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

27. As a result of EOS's violations of the FLSA, Ms. Keller-Brittle and the members of the Class have been damaged by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Ms. Keller-Brittle requests that the Court:

a. Designate this action as a collective action pursuant to 29 U.S.C. § 216(b) and direct prompt notice be provided to all potential members of the Class in order to allow them to "opt in" to this action;

b. Award members of the class damages to be determined at trial, including, but not limited to liquidated damages, together with attorneys' fees and costs and pre-judgment and post-judgment interest; and

c. Grant such other relief as the court may deem just and proper.

## JURY DEMAND

Ms. Keller-Brittle demands a trial by jury on all issues so triable.

Dated: August 27, 2018

                BETHEL KELLER-BRITTLE,
Individually and on behalf of all others similarly situated,
By her attorneys,

/s/ Josh Gardner
Josh Gardner (BBO No. 657347)
Nicholas J. Rosenberg (BBO No. 657887)
GARDNER & ROSENBERG P.C.
One State Street, Fourth Floor
Boston, MA 02109
Tel: 617-390-7570
josh@gardnerrosenberg.com