UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETHEL KELLER-BRITTLE, STEVEN DEBOLD, RICARDO JEAN, AND DANIEL MEDEIROS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLLECTO INC. d/b/a EOS, PAUL E. LEARY, and TOD DILLON,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 18-cv-11836-ADB<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY COLLECTIVE CERTIFICATION OF OPT-IN CLASS**

BURROUGHS, D.J.

On October 1, 2018, Plaintiffs Bethel Keller-Brittle, Steven DeBold, Ricardo Jean, and Daniel Medeiros ("Plaintiffs") filed the operative complaint, [ECF No. 8], claiming that Defendant Collecto Inc. ("EOS") violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), by calculating overtime pay without properly accounting for commissions earned by EOS's employees in determining their regular rate of pay. Plaintiffs assert one claim against EOS under the FLSA on behalf of a putative, opt-in "FLSA Class" and another claim against all Defendants[1] for violations of the Massachusetts Wage Act, see Mass. Gen. Laws ch. 149, § 148 (2009), on behalf of a putative opt-out "Massachusetts Class." [ECF No. 8 ¶¶ 34–47]. This Order concerns only the FLSA Class.

---

[1] Paul E. Leary, Jr. and Todd Dillon are EOS's President and Treasurer, respectively. [ECF No. 8 ¶ 45].

On October 22, 2018, Plaintiffs filed a motion for preliminary collective certification pursuant to the FLSA, [ECF No. 9], in which they seek preliminary certification of the FLSA class pursuant to 29 U.S.C. § 216(b), an order requiring EOS to provide Plaintiffs with the names, addresses, email addresses, and telephone numbers of all members of the putative class within 20 days, and approval of Plaintiffs' proposed FLSA Notice [ECF No. 10-1] and Consent Form [ECF No. 10-2]. Defendants oppose the motion. [ECF No. 14]. For the reasons explained below, Plaintiffs' motion is <u>GRANTED IN PART</u> with the conditions and limitations set forth in this Order.

## I. BACKGROUND

These facts are taken from the complaint, the exhibits submitted with Plaintiffs' motion to conditionally certify the class, and the affidavit of Karen Player submitted with EOS's opposition to preliminary certification. EOS is a professional debt collection company that is headquartered in Norwell, Massachusetts. [ECF No. 8 ¶¶ 13, 14; No. 14-1 ¶ 3]. EOS employs debt collectors and pays them an hourly wage, overtime, and commissions based on the success of their collection efforts. [ECF No. 8 ¶¶ 15, 16, 19]. According to Plaintiffs' Complaint, EOS pays commissions pursuant to a company-wide policy that is designed to encourage steady, rapid, and efficient work, and pays its collectors overtime but without taking a collector's commissions into account when calculating their regular rate. [Id. ¶ 17, 19]. In addition to a call center in Norwell, Massachusetts, EOS operates, or has operated, call centers in Kentucky, Illinois, Texas, California, New York, and Colorado. [ECF No. 14-1 ¶ 4]. EOS disputes the claim that it has a single company-wide policy for commissions, and instead claims that management at each call center and within each company division has wide discretion in determining incentive compensation. [Id. ¶ 6].

Plaintiffs are three former EOS collectors who worked at EOS's Norwell, Massachusetts location. They regularly received commissions based on the amount of funds they collected, but when they worked overtime, their overtime rate did not fluctuate based on their commissions. [ECF Nos. 10-3, 10-4, 10-5]. Plaintiffs attest, based on their observations, that there were at least 100 collectors employed by EOS in Norwell, Massachusetts during their periods of employment. [ECF Nos. 10-3, 10-4, 10-5].

## II. LAW

The FLSA requires employers to compensate non-exempt employees at "not less than one and one-half times the regular rate at which he [or she] is employed" for each hour worked in excess of forty hours per work-week. 29 U.S.C. §§ 207(a)(1). Employees may fall into one or more of several exceptions to the minimum wage and maximum hour requirements. See 29 U.S.C. § 213(a). For non-exempt employees, the calculation of the regular rate is governed by regulations. See 29 C.F.R. § 778.108 ("The 'regular rate' of pay under the Act cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract"); 29 C.F.R. § 778.117 ("Commissions . . . are payments for hours worked and must be included in the regular rate.").

Section 216(b) of the FLSA creates a private right of action for employees to recover unpaid overtime and provides employees with the option of bringing a collective action. In contrast to the familiar requirements of Federal Rule of Civil Procedure 23, Section 216's collection action provision states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." "'FLSA collective actions require similarly situated employees to affirmatively opt-in and be bound by any judgment.'" Cunha v. Avis Budget Car

Rental, LLC, 221 F. Supp. 3d 178, 181 (D. Mass. 2016) (quoting Iriarte v. Cafe 71, Inc., No. 15 CIV. 3217 (CM), 2015 WL 8900875, at *2 (S.D.N.Y. Dec. 11, 2015)).  It is "well-established that the FLSA states clearly that actions brought for violation of the Act cannot be brought as Rule 23 class actions, and instead, must be brought as opt-in collective actions pursuant to the procedures in 29 U.S.C. § 216."  Id. (punctuation and modification omitted).

Where a plaintiff seeks to exercise her right to bring a collective action under the FLSA, district courts have broad discretion to facilitate the process of providing notice to other potential collective action plaintiffs.  See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) (noting district courts' discretion in the implementation of Section 216 classes).  Two methods have been used in this district for determining whether plaintiffs are similarly situated for preliminary certification of a Section 216 opt-in class: a two-step approach and the Rule 23 standard.  Trezvant v. Fid. Emp'r Servs. Corp., 434 F. Supp. 2d 40, 42 (D. Mass. 2006) (citing Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001); Dionne v. Ground Round, Inc., No. 93–11083, 1994 U.S. Dist. LEXIS 21641, at *6–7 (D. Mass. July 6, 1994)).  "While the First Circuit has not addressed the issue, most courts—including most district courts in this circuit—follow [the] two-step approach to determine whether to issue notice."  Cunha, 221 F. Supp. 3d at 182 (citing Trezvant, 434 F. Supp. 2d at 43).

Under the two-step approach "the court makes an initial determination of whether the potential class should receive notice of the pending action and then later, after discovery is complete, the court makes a final 'similarly situated' determination."  Trezvant, 434 F. Supp. 2d at 42.  At the notice stage, the court usually relies on the pleadings and any affidavits that have been submitted.  Kane, 138 F. Supp. 2d at 214.  The determination is made based on a "fairly lenient standard" that requires plaintiffs "to put forth some evidence that the legal claims and

factual characteristics of the class in this case are similar." Trezvant, 434 F. Supp. 2d at 43–44. "In other words, the plaintiff must make 'a modest factual showing' that she and other employees, with similar but not necessarily identical jobs, suffered from a common unlawful policy or plan." Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 364 (D. Me. 2010).  Given this lenient standard, a motion "typically results in 'conditional certification' of a representative class," though the scope of the certification may be narrower than that requested. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213–14 (5th Cir.1995)); see Prescott, 729 F. Supp. 2d at 369–70 (D. Me. 2010) (considering the job categorizations, locations, and temporal scope of the collective action based on the information available to the court).  Once discovery is complete, the defendant may file a motion for decertification, and "the Court can decide whether to decertify the class or to let the claimants proceed to trial as a collective action." Trezvant, 434 F. Supp. 2d at 45.  In determining the scope of a collective action class at this second step, most courts focus on: (1) the disparate factual and employment settings; (2) defenses that may be individual to each plaintiff; and (3) fairness and procedural considerations. Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242, 247 (D.R.I. 1999).

      Requests for conditional certification are frequently brought so that notice can be provided to as many prospective class members as possible before the statute of limitations nullifies their claims.  An action for unpaid overtime compensation is barred unless it is commences within two years after it accrues, or three years for a "willful violation." 29 U.S.C. § 255.  Unlike Rule 23 actions in which "filing a complaint tolls the statute of limitations for all alleged class members, whether they know of the lawsuit or not," "parties alleged to be 'similarly situated' in a § 216(b) case must affirmatively opt in to toll the limitations period."

Nash v. CVS Caremark Corp., 683 F. Supp. 2d 195, 200 (D.R.I. 2010) (citing 29 U.S.C. § 256; Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983)).  This may allow defendants to "bleed value out of a large pool of outstanding FLSA claims" if they successfully delay notice and thereby limit the number of plaintiffs who become aware of their potential claim before the limitations period expires.  Id.

### III. ANALYSIS

Plaintiffs have not shown that all members of the putative FLSA class suffered from a common unlawful policy and should receive notice.  Plaintiffs' attestations about the number of class members and their knowledge of the commission payment policy at issue are based solely on their experiences at EOS's Norwell, Massachusetts location,[2] and they provide no evidence from which the Court can reasonably infer that EOS has a single company-wide policy for paying commissions.  Conversely, EOS offers an affidavit that states that it "does not have a single company-wide policy or plan for incentive compensation."

Plaintiffs have shown that former EOS collector employees at the Norwell, Massachusetts location may have suffered from a common unlawful policy.  The Court bases this conclusion on the Plaintiffs' attestations that their rate of overtime pay did not vary in proportion to their commissions and pay stubs that show overtime pay at exactly one-and-a-half times Plaintiffs' regular rate, without variance for commissions (apparently paid as a "bonus").  Plaintiffs have all been EOS employees in Norwell, Massachusetts within the last three years and are therefore entitled to bring an action for a willful violation.  Additionally, Plaintiffs' attestations suggest that a class of former EOS debt collectors at the Norwell location is

---

[2] Plaintiffs Keller Brittle's attests that she has spoken to "many former employees," but she provides no indication as to where those individuals worked for EOS.

sufficiently numerous that requiring EOS to provide the names, addresses, and telephone numbers is the only predictable means to provide notice to all or nearly all potential class members. The Court will preliminarily certify a collective action class and order EOS to provide contact information reasonably calculated to notice potential class members.

The Court has reviewed the proposed Notice and Consent Forms and finds them to be generally appropriate, except that they must be altered to reflect the Court's limitation on the class to collectors who have worked for EOS in Norwell, Massachusetts.

## IV. CONCLUSION

Accordingly:

1. The collective action class described below is preliminarily certified.

   > All former and current non-exempt collectors who have worked for Collecto, Inc. d/b/a EOS in Norwell, Massachusetts within the last three years, who have received commissions and worked overtime, but whose commissions were not used in calculating their regular rate of pay for purposes of such overtime.

2. Within 20 days of this Order, EOS shall provide Plaintiffs' counsel with names, addresses, email addresses, and telephone numbers for all former and current non-exempt collectors who (1) were paid for overtime on or after December 18, 2015 for work as collectors in Norwell, Massachusetts, (2) were also paid commissions (or a "bonus" based on their collections) on or after December 18, 2015, and (3) whose commissions were not used in calculating their regular rate of pay for purposes of their overtime.

3. Plaintiffs shall submit appropriately modified notice and consent forms to the Court and indicate whether Defendant assents to the forms as modified.

**SO ORDERED.**

November 28, 2018                                      /s/ Allison D. Burroughs
                                                       ALLISON D. BURROUGHS
                                                       U.S. DISTRICT JUDGE